**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9  JOHN RONDA                              No. C-13-02538-DMR

10         Plaintiff(s),                   **ORDER TO RE-NOTICE MOTION TO
                                           SET ASIDE DEFAULT AND STANDING
11    v.                                   ORDER FOR MAGISTRATE JUDGE
                                           DONNA M. RYU**
12 ARTEMIS ACQUISITION CORP,               **[Reassigned Case]**

13         Defendant(s).
   _____/
14
15
16 TO ALL PARTIES AND COUNSEL OF RECORD:

17        The above-entitled matter having been reassigned to the Honorable Donna M. Ryu for trial

18 and all further proceedings,

19        IT IS HEREBY ORDERED that by no later than February 20, 2014, Defendant Artemis

20 Energy Holdings, Inc. shall re-notice its Motion to Set Aside Default (Docket No. 41) for hearing

21 before the undersigned pursuant to Civil Local Rule 7-2 in accordance with the court's Standing

22 Order.

23

24                    **STANDING ORDER FOR
                    MAGISTRATE JUDGE DONNA M. RYU**
25                       *(Revised July 3, 2012)*

26        Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure,

27 the Northern District of California's Local Rules and General Orders, and this standing order, all of

28 which are available at http://www.cand.uscourts.gov.  Failure to comply with any of the rules or

**United States District Court**
For the Northern District of California

1    orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate

2    sanctions.

## CALENDAR DATES AND SCHEDULING

3    1.    Criminal motions are heard on the second and fourth Thursdays of the month at 11:00 a.m.,

4    or during the regular criminal calendar when Judge Ryu is on criminal calendar duty.  Civil motions

5    are heard on the second and fourth Thursdays of the month at 11:00 a.m.  Civil case management

6    conferences are heard on Wednesdays at 1:30 p.m.  Civil pretrial conferences are heard on

7    Wednesdays at 3:00 p.m.

8    2.    Parties must notice motions (other than discovery motions) pursuant to the local rules.

9    Parties need not reserve a hearing date, but should confirm the court's availability at

10   http://www.cand.uscourts.gov.  The court may reset hearing dates as the court's calendar requires.

11   3.    For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510)

12   637-3639.

## CONSENT CASES

14   4.    In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file

15   a  written consent to the assignment of a United States Magistrate Judge for all purposes, or written

16   declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to

17   dismiss or a motion for remand), the moving party must file the consent or declination

18   simultaneously with the motion. In no event shall the consent or declination be filed later than the

19   deadlines specified in Civil L.R. 73-1(a)(1) and (2).

## CHAMBERS COPIES AND PROPOSED ORDERS

21   5.    Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain

22   filings and mark it as a copy for "Chambers."  Please three-hole punch the chambers copy and

23   submit it to the Oakland Clerk's Office.

24   6.    Any stipulation or proposed order submitted by an e-filing party shall be submitted by email

25   to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-

26   filed.  This address should only be used for this stated purpose unless otherwise directed by the

27   court.

## CIVIL CASE MANAGEMENT

28

2

7.      No later than seven days before the initial case management or status conference, the parties

shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for

All Judges of the Northern District of California governing "Contents of Joint Case Management

Statement," available on the Court's website.

8.      Parties may not stipulate to continue a case management or pretrial conference without court

approval.  Each party shall be represented **in person** at the Case Management Conference by lead

trial counsel (or a party if *in pro se*), who shall be (1) prepared to address all of the matters referred

to in the Northern District of California's standing order on Joint Case Management Statements; and

(2) have full authority to enter stipulations and make admissions pursuant to that order.  Permission

for a party to attend by telephone may be granted, in the court's discretion, upon written request

made at least one week in advance of the hearing if the court determines that good cause exists to

excuse personal attendance, and that personal attendance is not needed in order to have an effective

conference.  The facts establishing good cause must be set forth in the request.

9.      All case management conferences are audio recorded.  They are not reported by a court

reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY

### Discovery Disputes

10.      In order to respond to discovery disputes in a flexible, cost-effective and efficient manner,

the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead,

as required by the federal and local rules, the parties shall first meet and confer to try to resolve their

disagreements.  The meet and confer session must be *in person or by telephone,* and may not be

conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no

later than five business days after the meet and confer session, unless otherwise directed by the

court.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation

that the parties met and conferred in person or by telephone regarding all issues prior to filing the

letter.  Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each

party's position with appropriate legal authority; and provide each party's final proposed

compromise before moving to the next issue.  The joint letter shall not exceed ten  pages without

leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so**

3

**United States District Court**
For the Northern District of California

1   **that each side has adequate time to address the arguments.**  In the rare instance that a joint letter

2   is not possible, each side may submit a letter not to exceed four  pages, which shall include an

3   explanation of why a joint letter was not possible.  The parties shall submit one exhibit to the letter

4   that only sets forth each disputed discovery request in full, followed immediately by the objections

5   and/or responses thereto.  No other information shall be included in any such exhibit.  No other

6   exhibits shall be submitted without prior approval by the court.  The court will review the

7   submission(s) and determine whether formal briefing or proceedings are necessary**.  Discovery**

8   **letter briefs must be e-filed under the Civil Events category of Motions and Related Filings >**

9   **Motions - General > "Discovery Letter Brief"**.

10  11.     In the event that a discovery hearing is ordered, the court has found that it is often efficient

11  and beneficial for counsel to appear *in person*.  This provides the opportunity, where appropriate, to

12  engage counsel in resolving aspects of the discovery dispute while remaining available to rule on

13  any disputes that counsel are not able to resolve.  For this reason, the court expects counsel to appear

14  in person.  Permission for a party to attend by telephone may be granted, in the court's discretion,

15  upon written request made at least one week in advance of the hearing if the court determines that

16  good cause exists to excuse personal attendance, and that personal attendance is not needed in order

17  to have an effective discovery hearing.  The facts establishing good cause must be set forth in the

18  request.

19  12.     In emergencies during discovery events (such as depositions), any party may, after exhausting

20  good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-

21  1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the discovery

22  event shall proceed with objections noted for the record.

23  **Privilege Logs**

24  13.     If a party withholds information that is responsive to a discovery request by claiming that it is

25  privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a

26  privilege log that is sufficiently detailed and informative for the opposing party to assess whether a

27  document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log shall

28

4

United States District Court

For the Northern District of California

1   set forth the privilege relied upon and specify separately for each document or for each category of

2   similarly situated documents:

3          (a) the title and description of the document, including number of pages or Bates-number

4          range;

5          (b) the subject matter addressed in the document;

6          (c) the identity and position of its author(s);

7          (d) the identity and position of all addressees and recipients;

8          (e) the date the document was prepared and, if different, the date(s) on which it was sent to or

9          shared with persons other than its author(s); and

10         (f) the specific basis for the claim that the document is privileged or protected.

11  Communications involving trial counsel that post-date the filing of the complaint need not be placed

12  on a privilege log.  Failure to furnish this information promptly may be deemed a waiver of the

13  privilege or protection.

## SUMMARY JUDGMENT

14  14.    Motions for summary judgment shall be accompanied by a joint statement of the material

15  facts not in dispute by citations to admissible evidence.  If the parties are unable to reach complete

16  agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about

17  which they do agree.  Separate statements of undisputed facts shall not be filed and will not be

18  considered by the court.

## UNREPRESENTED (PRO SE) PARTIES

19  15.    Parties representing themselves should visit the Quick Link titled "If You Don't Have a

20  Lawyer" on the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal

21  Help Center" for unrepresented parties which is located on the 15th floor, room 2796, of the United

22  States Courthouse, 450 Golden Gate Avenue, San Francisco.

23

24         IT IS SO ORDERED.

25

26  February 14, 2014    _____

27                       DONNA M. RYU
                         United States Magistrate Judge

28